# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. SHAW, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F 03 5125 OWW SMS P<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Doc. 49.) |

　John R. Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　On August 4, 2005, Plaintiff moved for leave to file a Second Amended Complaint. The Court denied Plaintiff's request on September 7, 2005, on the grounds that Plaintiff did not serve Defendants with a copy of the Second Amended Complaint.

　On September 14, 2005, Plaintiff moved for reconsideration of the Court's prior Order. Plaintiff states that Defendants were served with a copy of the Complaint because a copy of the Second Amended Complaint was attached to the Motion served on Defendants. Plaintiff admits that he neglected to write on the proof of service that he served Defendants with a copy of the Motion *and* Second Amended Complaint.

　Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a

1  party show that the "new or different facts or circumstances claimed to exist which did not exist
2  or were not shown upon such prior motion, or what other grounds exist for the motion."  Local
3  Rule 78-230(k)(3).

4  Here, Plaintiff points the Court to facts that existed but were omitted from the proof of
5  service inadvertently by Plaintiff.  The instant Motion for Reconsideration was properly served
6  on Defendants, however, Defendants have filed no Opposition or Motion with respect to
7  Plaintiff's request for reconsideration of the Order denying his request to amend.  In any event,
8  the Court will deny Plaintiff's Motion for Reconsideration on the following grounds.

9  Plaintiff requested permission to amend his complaint for three reasons.  The first was to
10 fix "irrelevant facts" in that some of the Defendants had been dismissed from the case.  However,
11 such grounds do not justify the submission of an entire Amended Complaint.  The Court's Order
12 dismissing the Defendants from the Complaint is sufficient to put Defendants on notice that
13 those Defendants are no longer part of the action.   Thus, an Amended Complaint is unnecessary
14 and will not be permitted on this basis.

15 Second, Plaintiff states he wishes to include two new causes of action as he discovered
16 facts that support these causes during discovery.  Plaintiff's request is denied.

17 Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
18 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
19 confined in any jail, prison, or other correctional facility until such administrative remedies as are
20 available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement
21 applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).
22 Prisoners must complete the prison's administrative process, regardless of the relief sought by
23 the prisoner and regardless of the relief offered by the process, as long as the administrative
24 process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731,
25 741 (2001).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198,
26 1199-1201 (9th Cir. 2002).  Plaintiff may not exhaust while the suit is pending.  McKinney, 311
27 F.3d at 1199-1201.

28 Here, Plaintiff admits that he only discovered these new facts supporting two causes of

action *after* the initiation of this lawsuit. Thus, it is clear that Plaintiff did not complete the exhaustion of his administrative remedies with respect to these claims *prior* to the initiation of this action. As such, Plaintiff may not amend the complaint to include new claims for relief.

Third, Plaintiff states that he wishes to add Defendant Woodford as a Defendant in the case for violations of Due Process and Equal Protection. Plaintiff alleges that Defendant Woodford failed to provide him with sufficient notice that his association with gang members might result in his being validated as a gang member and subsequently segregated on that basis. (Proposed Second Amended Complaint at 20-21.) Plaintiff fails to link any named individual to his claim of Equal Protection in the Second Amended Complaint although he says in his Motion for Reconsideration that Defendant Woodford violated such a right. The Court has examined the proposed Second Amended Complaint attached to the Motion for Reconsideration.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Defendant Woodford personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646.

Even assuming Plaintiff's allegations are sufficient to state a viable constitutional claim, Plaintiff cannot amend the Complaint to include this claim as the claim was not exhausted administratively prior to the initiation of this suit.

Accordingly, based on the foregoing, the Court HEREBY ORDERS:

1. The Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   October 2, 2005**                     **/s/ Sandra M. Snyder**
icido3                                           UNITED STATES MAGISTRATE JUDGE