IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. MARTINEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>W. SHAW, YBARRA, F. A. RODRIGUEZ, LONNIE LOPEZ, J. L. COBBS, AND KERRI BERKELER,<br><br>    Defendants.<br>_____/ | 1:03-cv-05125-OWW-SMS-PC<br><br>ORDER CONSTRUING PLAINTIFF'S MOTION TO DISMISS AS A MOTION TO AMEND<br>(Doc. 94)<br><br>TWENTY DAY DEADLINE FOR PARTIES TO RESPOND |

   Plaintiff John R. Martinez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the amended complaint filed July 30, 2003. (Doc. 13.) On February 26, 2007, defendants Shaw, Ybarra, Rodriguez, Lopez, Cobbs and Berkeler filed a motion for summary judgment on plaintiff's two pending claims, one for violation of due process for insufficient evidence, and the other for unconstitutionality of California regulation 15 CCR 3378(a)(4) as overbroad ("overbroad claim"). (Doc. 94.) On September 10, 2007, plaintiff filed an opposition to the motion for summary judgment. (Doc. 103.) In the opposition, plaintiff stated his belief that the "court dismissed Plaintiff's overbroad claim when it screened Plaintiff's complaint for failure to state a claim," concluding that "[T]hus, this claim should not be subject to litigation, and in any event, Plaintiff moves to dismiss his overbroad claim from this action." (Pltf's Opp at 12 ¶4.) Plaintiff may not dismiss a claim in this manner.

1. **Rules 41(a)(1) and 41(a)(2)**

After the adverse party has served a motion for summary judgment, a plaintiff may not voluntarily dismiss his action. Fed. R. Civ. P. 41(a)(1). Furthermore, a voluntary dismissal cannot be used to dispose of only certain claims while not dismissing any defendant. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988.) The rule is the same where the voluntarily dismissal is with judicial consent under Rule 41(a)(2). Fed. R. Civ. P. 41(a)(2); Hells Canyon Preservation Council v. United States Forrest Service, 403 F.3d 683, 688 (9th Cir. 2005.) Where plaintiff wants to drop certain claims but not to dismiss any defendant, the proper procedure is to amend the complaint. Fed. R. Civ. P. 15(a); Ethridge, 861 F.2d at 1392.

At this juncture, plaintiff may not dismiss a claim from this action, whether voluntarily or with the court's consent, because defendants have filed and served two motions for summary judgment. (Docs. 58, 94.) Therefore, the court shall construe plaintiff's motion to dismiss as a motion to amend the complaint under Rule 15(a).

2. **Rule 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, on December 10, 2004, defendants filed and served an answer. Therefore, plaintiff may only amend his complaint with written consent from defendants or with leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). The court recognizes that plaintiff merely wishes to remove his overbroad claim from the litigation. Plaintiff states that he believed the overbroad claim had been previously dismissed by the court, and he no longer wishes to pursue the claim. However, a motion to amend is untimely at this stage of the litigation. The deadline to amend pleadings in this action was August 5, 2005, pursuant to the court's scheduling order of January 4, 2005. (Doc. 37.) The court finds no basis on which to grant leave to amend at this stage of the litigation, in light of the fact that defendants have moved for

1  adjudication of the claim on the merits by their motion for summary judgment.

2        The court shall defer its ruling on plaintiff's motion to amend for twenty days, to give the parties
3  an opportunity to respond.  Should defendants wish to consent to plaintiff's amendment, they shall file
4  a Notice of Consent within twenty days, clearly indicating their consent to plaintiff's amendment to the
5  complaint under Rule 15(a) to remove the overbroad claim.

6        Based on the foregoing, IT IS HEREBY ORDERED that:

7    1.    Plaintiff's motion to dismiss his overbroad claim, filed on September 10, 2007, is
8        construed as a motion to amend the complaint under Rule 15(a) of the Federal Rules of
9        Civil Procedure;

10   2.    The parties are granted an opportunity to respond to this order within <u>twenty days from
11       the date of service of this order</u>.  Should defendants wish to consent to plaintiff's
12       amendment, they shall file a Notice of Consent, clearly indicating their consent to
13       plaintiff's amendment to the complaint under Rule 15(a) to remove the overbroad claim;
14       and

15   3.    The court shall defer its ruling on plaintiff's motion to amend until the twenty-day time
16       period has expired.

17 IT IS SO ORDERED.

18 **Dated:**    February 7, 2008             /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE